IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK EDWIN PATE, #30430-408 Petitioner, | § § § § | |
| v. | § § | No. 3:25-cv-01297-K-BT |
| UNITED STATES OF AMERICA, et al., Respondents. | § § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Frank Edwin Pate, a federal prisoner in a halfway house in Hutchins, Texas, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. As explained herein, the District Judge should summarily dismiss the petition for lack of jurisdiction.

## I.   BACKGROUND

Petitioner was convicted of mail fraud and wire fraud in the Eastern District of Texas and sentenced to 168 months on each count to run concurrently. *United States v. Petitioner*, No. 4:14-cr-125 (E.D. Tex. May 26, 2016) (Am. J., Crim. Doc. 184). Although Petitioner is physically located in this district, his petition does not challenge the Bureau of Prisons' execution of his sentence. Instead, Petitioner mounts a broad collateral attack on his underlying conviction and sentence in the Eastern District of Texas and seeks release or resentencing. *See generally,* Pet. (ECF No. 3).

1

The petition raises several grounds for relief, including: (1) failure to state an offense; (2) alleged *Brady/Giglio* violations; (3) insufficient evidence; (4) unlawful restitution and forfeiture; (5) failure to defer to Delaware corporate law; (6) erroneous sentencing enhancements; (7) lack of appellate review; (8) ineffective assistance of counsel; (9) an unconstitutional firearm ban; (10) unlawful arrest; (11) jurisdictional defects; (12) judicial bias; (13) double jeopardy; (14) Confrontation Clause violations; (15) due process violations relating to pretrial detention; (16) sentencing errors based on time-barred conduct; and (17) "factual innocence." *Id.* at 1-13. It also invokes § 2255(e)'s savings clause.

This filing is not Petitioner's first attempt to use § 2241 to challenge his conviction. His first attempt was dismissed for lack of jurisdiction and transferred to the Eastern District of Texas, so he could pursue his claims under § 2255. *See Petitioner v. Volunteers of Am.*, No. 3:24-CV-2903-X-BW, 2025 WL 808465, at *1 (N.D. Tex. Mar. 13, 2025); *see also Petitioner v. United States*, No. 4:25-CV-262 (E.D. Tex. filed March 14, 2025).

After his initial case was transferred, Petitioner filed similar actions in this district under § 2241. *See Petitioner v. Dir., Volunteers of Am.*, No. 3:25-CV-2405-N-BW, 2025 WL 2900259, at *1 (N.D. Tex. Sept. 23, 2025), *rec. accepted*, No. 3:25-CV-2405-N-BW, 2025 WL 2899904 (N.D. Tex. Oct. 10, 2025); *Petitioner v. Director Sales, RRM VOA of Texas*, 3:25-CV-03018-L-BK, (N.D. Tex. filed Nov. 5, 2025) (rec. filed). In those cases, the Court determined the case should be

dismissed for lack of jurisdiction because Petitioner continues to challenge his conviction in the Eastern District of Texas. *Id.*

Now, again, Petitioner has filed a § 2241 petition in this Court which seeks to invalidate his conviction and sentence rather than challenge how his sentence is being executed.

## II.  LEGAL STANDARD

A motion to vacate sentence under 28 U.S.C. § 2255 provides the main means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States,* 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (internal quotations and citations omitted). Such a collateral attack must be brought in the court that imposed the sentence. *See* 28 U.S.C. § 2255(a) (providing that a prisoner "may move the *court which imposed the sentence* to vacate, set aside or correct the sentence" (emphasis added)); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 n.2 (5th Cir. 1990) ("[A] collateral attack . . . under section 2255 must be brought before the sentencing court.").

Relief under § 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla,* 416 F.3d at 426 (internal quotations and citations omitted). A petition filed under § 2241 is not a substitute for a § 2255 motion. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). Moreover, a § 2241 petition that challenges the validity of a federal sentence—by contesting errors that occurred at trial or

3

sentencing—must either be dismissed or construed as a § 2255 motion. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Even so, a prisoner may file a § 2241 petition "to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citations omitted). But the Supreme Court recently held that the savings clause is limited to "cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

### III.   ANALYSIS

**A. Petitioner Is Improperly Using § 2241 to Challenge His Conviction and Sentence.**

Although styled as a petition under 28 U.S.C. § 2241, Petitioner seeks to invalidate his federal conviction and sentence imposed in the Eastern District of Texas. Across several grounds, he alleges defective indictment, *Brady/Giglio* violations, insufficient evidence, prosecutorial misconduct, judicial bias, and various alleged pretrial and appellate irregularities. ECF. No. 3 at 1-13.

Each of his claims attacks alleged errors that occurred at or before trial, during trial, or at sentencing in the underlying criminal case. These are not challenges to the execution of his sentence (*e.g.*, credit calculations, BOP actions, or conditions imposed by the Bureau of Prisons). Instead, Petitioner seeks to have this Court declare his conviction void, vacate the judgement, and dismiss the indictment. *Id.* at 2, 13.

Under Fifth Circuit precedent, challenges to the validity of a conviction or sentence—including defective indictment, evidentiary violations, prosecutorial misconduct, and judicial bias—must be brought under § 2255, not re-litigated through § 2241. *See Pack,* 218 F.3d at 452 ; *see also Jeffers,* 253 F.3d at 830. And such collateral attacks on a federal conviction must be brought in the sentencing court—which for Petitioner would be the Eastern District of Texas, not this Court. *See* 28 U.S.C. § 2255(a).

That Petitioner groups these allegations under different headings or characterizes them as "jurisdictional," "structural," or "actual innocence" does not change their nature. Repackaging trial-level claims does not transform a § 2255 challenge into a § 2241 petition.

Indeed, these same categories of claims—attacking the indictment, the grand jury, the prosecution, the evidence, appellate review, and sentencing—have been repeatedly raised in Petitioner's prior § 2241 petitions in this Court and dismissed for lack of jurisdiction. *See* Case Nos. 3:24-CV-2903-X-BW, 3:25-CV-2405-N-BW, 3:25-CV-03018-L-BK. The recurrence of materially similar allegations across multiple filings underscores that this petition is another iteration of the same collateral attack rather than a proper challenge to the execution of his sentence.

Accordingly, Petitioner's current petition—raising substantially the same type of conviction-based challenges—should be dismissed for lack of jurisdiction.

5

**B. Petitioner Does Not Satisfy the § 2255(e) Savings Clause.**

Petitioner also invokes the § 2255(e) "savings clause," asserting that § 2255 is inadequate or ineffective because of alleged "new evidence" and supposed jurisdictional defects. ECF. No. 3 at 2-3. That contention fails under controlling law, and for the same reasons it has failed in Petitioner's prior attempts.

The Supreme Court has made clear that the savings clause is narrow and does not permit a prisoner to use § 2241 as an alternative vehicle for claims that could have been—or were—brought under § 2255. *See Jones*, 599 U.S. at 477-80. Procedural barriers, prior adverse rulings, or restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) (such as limits on successive motions) do not render § 2255 inadequate or ineffective. *Id.* at 477. Rather, the clause applies only in truly "unusual circumstances" where it is impossible or impracticable to seek relief in the sentencing court. *Barrientes v. Warden, USP Pollock*, No. 23-30896, 2024 WL 2369376, at 1 (5th Cir. May 23, 2024) (quoting *Jones*, 599 U.S. at 478).

Here, none of Petitioner's sixteen grounds fall within that narrow exception. The Fifth Circuit has repeatedly rejected attempts to repackage trial-level errors as § 2241 petitions. *See Cabello v. Hijar*, No. 24-50407, 2024 WL 4614718, at 1 (5th Cir. Oct. 30, 2024) (citation and internal quotation marks omitted) (petitioner must show that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court").

Nor has Petitioner shown that it is impossible to seek relief. To the contrary, the record shows that he is pursuing relief in the Eastern District of Texas—the sentencing court—through a pending § 2255 action. *See Petitioner v. United States*, No. 4:25-CV-262 (E.D. Tex. filed March 14, 2025) at Doc. 16 (Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255). The existence of that proceeding confirms that seeking relief in the sentencing court is neither impossible nor impracticable, and therefore, forecloses savings-clause relief. Petitioner identifies no intervening or retroactive Supreme Court decision that renders his underlying conduct (mail fraud and wire fraud) no longer criminal. Without any showing, § 2241 is unavailable. *Jones*, 599 U.S. at 480-81.

Finally, Petitioner's invocation of "factual innocence" is unavailing. His allegations rest largely on recharacterizations of trial evidence and alleged discovery or procedural errors—not on newly discovered, previously unavailable evidence that would conclusively establish factual innocence. "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *See U.S. v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Claims of defective indictment, unauthorized prosecution, or evidentiary violations—even if framed as innocence—do not satisfy this demanding standard.

Here, Petitioner's complaints—such as claims of unauthorized prosecution, defective indictment, and similar trial-based deficiencies—are legal challenges to his conviction rather than evidence that he did not commit the offense. Such

arguments do not satisfy the demanding standard for actual innocence and cannot invoke the § 2255(e) savings clause.

Accordingly, this Court lacks jurisdiction under § 2241.

### C. This Petition Is a Duplicative Collateral Attack.

Even if styled as a new filing, this petition is functionally another iteration of the same collateral attack that has already been litigated and rejected multiple times here in the Northern District.

Petitioner's previous filings have tried to bring similar claims under § 2241 petitions. However, this Court has dismissed all for lack of jurisdiction and determined Petitioner's claims should be brought under § 2255. *See* Case Nos. 3:25-CV-2405-N-BW, 3:25-CV-2903, 3:25-CV-03018-L-BK. In fact, this Court transferred Petitioner's original § 2241 claims to the Eastern District finding the claims should be heard under § 2255 in the sentencing court. *See Petitioner*, Case No. 3:24-CV-2903-X-BW at *2. Once transferred, Petitioner repeatedly sought to keep his § 2241 petition in the Northern District, but those requests were denied by the Eastern District for the same reasons as discussed here. *See Order Denying Transfer*, No. 4:25-CV-262 at 2-3.

Repackaging previously rejected arguments under new headings or new filings does not create jurisdiction under § 2241. And permitting serial filings of this nature would nullify § 2255's gatekeeping provisions and undermine AEDPA's finality principles. In sum, the Court should dismiss the petition for lack of jurisdiction.

## IV.   SANCTION WARNING

The Fifth Circuit has warned Petitioner about his frequent filings for appeals in the underlying criminal case. *See U.S. v. Petitioner*, No. 23-40353, 2023 WL 6213452, at *1 (5th Cir. Sept. 25, 2023)("Petitioner is WARNED that the filing of another notice of appeal of the 2016 judgment or the filing of any other frivolous, repetitive, or otherwise abusive pleadings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.")

Although this was not in the § 2241 context, this Court takes this repeated behavior into consideration. Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Considering the nature of Petitioner's repeated attempts at filing the same claims, Petitioner should be warned that if he persists in filing § 2241 habeas corpus petitions that are frivolous or baseless, or over which a federal court lacks

9

subject matter jurisdiction, the Court may impose monetary sanctions, bar him from bringing any new § 2241 habeas corpus action, or subject him to other sanctions the Court deems appropriate. *See* Fed. R. Civ. P. 11(b)(2)&(c)(1) (providing for sanctions against *pro se* litigants or attorneys).

## V.   RECOMMENDATION

Because Petitioner challenges the validity of his conviction and sentence—not the execution of his sentence—and because he has failed to satisfy § 2255(e)'s savings clause, this Court lacks subject-matter jurisdiction under § 2241. The petition should therefore be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, leaving Petitioner to pursue whatever relief remains available in the Eastern District of Texas under 28 U.S.C. § 2255.

Petitioner should also be **WARNED** that he may face sanctions, including monetary penalties, if he continues to abuse judicial resources by filing repetitive, frivolous pleadings, including habeas petitions in the federal courts.

SO RECOMMENDED on February 6, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).